IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LEE LODER, | ) |
| Appellant, | ) |
| VS. | ) Case No.: 2:17-cv-01696-LSC |
| ICEMAKERS, INC., | ) |
| Appellee. | ) |

**MEMORANDUM OF OPINION**

Before the Court is Appellee Icemakers, Inc. ("Appellee")'s Motion to Extend Appellee's Time for Filing Its Brief and Renewed Motion to Dismiss Or Remand (the "Motion to Dismiss or Remand") filed on November 20, 2017. (*See* Docs. 12 & 13.) Appellee argues in its Motion to Dismiss or Remand that this appeal by Appellant Lee Loder ("Appellant") should be dismissed for lack of subject matter jurisdiction, or in the alternative this Court should find this appeal equitably moot. As this Court finds that it currently lacks jurisdiction to hear this appeal, Appellee's Motion to Dismiss or Remand is due to be granted to the extent that it requests remand to the Bankruptcy Court.

**I. BACKGROUND**

On September 14, 2017, Judge D. Sims Crawford entered an order in the adversary proceeding styled *Icemakers, Inc. v. Lee Wendell Loder* (*In re Loder*), AP NO. 07-00143-DSC, granting summary judgment in favor of Appellee and denying a number of other pending motions by the Appellant. (*See* Doc. 1-4.) On September 27, 2017, Appellant filed a Notice of Appeal in the adversary proceeding, informing the Bankruptcy Court of his appeal of the September 14, 2017, Order denying his motions and granting of Appellee's motion for summary judgment. (*See* Doc. 1-4; Notice of Appeal, *Icemakers, Inc. v. Lee Wendell Loder* (*In re Loder*), AP NO. 07-00143-DSC (Bankr. N.D. Ala. Sept. 27, 2017). Likewise on September 14, 2017, Appellant additionally filed a Motion for Reconsideration, which asked the Bankruptcy Court to reconsider the September 14, 2017 decision that Appellant had just appealed. (Doc. 145, *Icemakers, Inc. v. Lee Wendell Loder* (*In re Loder*), AP NO. 07-00143-DSC (Bankr. N.D. Ala. Sept. 27, 2017). The Notice of Appeal was docketed in this Court on October 3, 2017. (Doc. 1.) On November 20, 2017, Appellee filed the Motion to Dismiss or Remand now pending before this Court, asking for either dismissal of Appellant's bankruptcy appeal as equitably moot, or in the alternative remand of the action to the Bankruptcy Court for consideration of the Motion to Reconsider. On December 4, 2017, Appellant responded asking the Court to stay the "appeal and remand [as] the most equitable solution[]."

## II. DISCUSSION

Before reaching whether this case is equitably moot, the Court first addresses whether Appellant's notice of appeal is effective. If it is not, the Court must dismiss or remand the appeal for lack of jurisdiction. *Williams v. EMC Mortgage Corp.* (*In re Williams*), 216 F.3d 1295, 1298 (11th Cir. 2000). Federal Rule of Bankruptcy Procedure 8002(a)(1) provides that, "Except as provided in subdivisions (b) and (c), a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." Rule 8002(b)(1) provides further guidance to the general fourteen-day rule of 8002(a)(1):

> If a party timely files in the bankruptcy court any of the following motions, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:
>
> > (A) to amend or make additional findings under Rule 7052, whether or not granting the motion would alter the judgment;
> >
> > (B) to alter or amend the judgment under Rule 9023;
> >
> > (C) for a new trial under Rule 9023; or
> >
> > (D) for relief under Rule 9024 if the motion is filed within 14 days after the judgment is entered.

Appellant grounded his Motion to Reconsider before the Bankruptcy Court under, among other rules, Rule 7052, 9023, and 9024. Thus, it would appear that Rule

8002(b)(1)'s tolling of the fourteen-day period for Appellant to file a Notice of Appeal is facially applicable. Rule 8002(b)(2) further provides that, "If a party files a notice of appeal after the court announces or enters a judgment, order, or decree-- but before it disposes of any motion listed in subdivision (b)(1)--the notice becomes effective when the order disposing of the last such remaining motion is entered." Under normal circumstances, a Notice of Appeal is not effective until after the Motions specified in 8002(b)(1) are disposed of by the Bankruptcy Court.

The tricky posture of this action has arrived before the Court because of Appellant's out-of-order filing of the (1) Notice of Appeal and (2) Motion to Reconsider. The tolling procedure in Rule 8002 normally operates under the assumption that a party first seeks reconsideration of a dispositive motion before appealing that motion. On his journey from the Bankruptcy Court to this Court, Appellant has put the procedural cart before the horse, creating a jurisdictional issue not quite contemplated by the text of Rule 8002. Thus, while the Notice of Appeal would have been effective at its filing, the subsequent filing of the Motion for Reconsideration rendered the Notice of Appeal non-effective until the Motion for Reconsideration had been disposed of.

In 1994, Rule 8002 received significant amendments intended to conform its text to that of Federal Rule of Appellate Procedure 4(a)(4). The Advisory

Committee notes to the 1994 amendments indicate that the drafters sought to prevent the results obtained under previous versions of the Rule wherein a notice of appeal was rendered a nullity if filed before the disposition of a pending post-judgment motion:

> This rule as amended provides that a notice of appeal filed before the disposition of a specified postjudgment motion will become effective upon disposition of the motion. *A notice filed before the filing of one of the specified motions or after the filing of a motion but before disposition of the motion is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the district court or bankruptcy appellate panel.*
>
> . . . .
>
> The amendment *provides that a notice of appeal filed before the disposition of a postjudgment tolling motion is sufficient to bring the judgment, order, or decree specified in the original notice of appeal to the district court or bankruptcy appellate panel*. If the judgment is altered upon disposition of a postjudgment motion, however, and if a party who has previously filed a notice of appeal wishes to appeal from disposition of the motion, the party must amend the notice to so indicate. When a party files an amended notice, no additional fees are required because the notice is an amendment of the original and not a new notice of appeal.

Fed. R. Bankr. P. 8002 (emphasis added). According to the Advisory Committee notes, it would appear that the correct result in this case would be a remand of the action to the Bankruptcy Court for the limited purpose of deciding Appellant's Motion to Reconsider. Following the Bankruptcy Court's ruling on the Motion to Reconsider, the previous filed notice of appeal will become effective. *See In re*

*Markowitz*, 190 F.3d 455, 460 (6th Cir. 1999) ("Thus, the notice of appeal was suspended until the bankruptcy court decided the [motion for rehearing] but ripened upon disposition of that motion. No new notice was required."); *In re Potter*, 285 B.R. 344 (B.A.P. 10th Cir. 2002) (remanding appeal to bankruptcy court for ruling on motion for reconsideration and holding that notice of appeal becomes effective after determination of that post-judgment motion). Until the Bankruptcy Court's ruling on Appellant's Motion for Reconsideration, this Court lacks jurisdiction over his appeal.

### III. CONCLUSION

As stated above, this matter is due to be remanded to the Bankruptcy Court for the limited purpose of determining the Appellant's Motion to Reconsider. Because the Court otherwise lacks subject matter jurisdiction over this matter, it is due to be dismissed without prejudice. An Order consistent with this Opinion will be entered separately.

**DONE** AND **ORDERED** ON APRIL 6, 2018.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

190485